### CROWELL BROS. v. JOHNSON.

No. 14267—Opinion Filed Nov. 6, 1923.

1. **Chattel Mortgages—Crop of Tenant — Conversion.**

Where a mortgagor makes a chattel mortgage covering a one-third interest in 160 acres of wheat, and said wheat, after threshing, is sold to a third party, who contends that said mortgagor is a mere cropper and not a tenant, such theory was properly submitted to the jury.

2. **Same—Judgment for Mortgagee — Evidence.**

Held, that examination of the record disccloses that verdict in favor of plaintiff is supported by the evidence. Held, further, record discloses no error.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Woods County; Arthur G. Sutton, Judge.

Action by D. R. Johnson against Crowell Brothers, a partnership composed of Geo. W. Crowell and D. H. B. Crowell. Judgment for plaintiff, and defendants bring error. Affirmed.

E. W. Snoddy, for plaintiffs in error.

C. H. Mauntel, for defendants in error.

Opinion by LYONS, C. The parties will be referred to as in the court below. The plaintiff was the owner and holder of a chattel mortgage duly filed for record, covering the following described property:

"A one-third interest in 160 acres of wheat, to be sown in the fall of 1920, on the northwest quarter of section twenty-four, township twenty-six, north, of range fourteen."

The mortgagor, who is not a party to this action, sold his share of the wheat raised on the foregoing premises of Crowell Brothers, defendants in the court below. Mortgagor was a son of one of the defendants.

The plaintiff recovered a judgment in the court below for the sum of $450, but inasmuch as this amount was in excess of the indebtedness secured by the mortgage, a remittitur was filed so that the amount of the judgment, as the case now stands, is not improper.

The defendants (in the court below) were charged with constructive notice of the mortgage, and therefore purchased the wheat, which was the subject-matter thereof, with notice of plaintiff's claim. The main contention of the defendants is that the mortgagor raised said crop of wheat under a cropping contract with one of the defendants, by virtue of which he had a right to plant the crop and secure an interest therein, and that his interest was to be only in the net proceeds of the crop after all of the expenses of producing same, including harvesting, threshing, marketing, and the cost of seed and plowing should be first deducted.

There was evidence to show that these expenses exceeded the value of the crop. The trial court submitted this theory to the jury in instruction No. 4 and an examination of the instruction discloses that the court stated this contention of the defendants in the manner most favorable to them. There was a conflict in the testimony on this point, and the verdict of the jury resolved the conflict in favor of the plaintiff.

There is no error in the record, and the cause must be affirmed.

By the Court: It is so ordered.